IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| IMELDA SEVILLEJA AGUINALDO,<br><br>Plaintiff,<br><br>vs.<br><br>HARRY YEE, *et al.*,<br><br>Defendants. | Case No. 24-cv-00020-DKW-WRP<br><br>**ORDER DENYING MOTION TO REMAND** |

In an essentially frivolous motion, Plaintiff Imelda Sevilleja Aguinaldo, proceeding without counsel, seeks to remand this action brought against a multitude of federal officers. For the reasons set forth below, her motion, Dkt. No. 11, is DENIED.

Pursuant to 28 U.S.C. Section 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The burden of establishing this Court's subject matter jurisdiction "rests upon the party asserting jurisdiction[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted).

Pursuant to 28 U.S.C. Section 1442(a)(1), the United States or one of its officers may remove to federal court an action brought against it in State court when the action relates " to any act under color of such office…." Under Section

1442(a)(3), the same is true of officers of the United States courts. 28 U.S.C. § 1442(a)(3). "To qualify for removal, an officer of the federal courts must both raise a colorable federal defense and establish that the suit is "*for* an act under color of office[.]" *Jefferson Cty., Ala. v. Acker*, 527 U.S. 423, 431 (1999) (emphasis in original, quotation and citations omitted); *Willingham v. Morgan*, 395 U.S. 402, 406-407 (1969) (explaining that Section 1442(a)(1) is "broad enough to cover all cases where federal officers can raise a colorable defense arising out of their duty to enforce federal law."). "[A]ny doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).

Here, there is no doubt about the propriety of Defendant Harry Yee's removal of this action. First, Yee is an officer of the United States, *See* Dkt. No. 1 at 3 (asserting that Yee is an Assistant U.S. Attorney employed by the U.S. Department of Justice), something that Aguinaldo acknowledges in the Complaint, Dkt. No. 1-2 at 4. Second, while briefing is not complete on the pending motion to dismiss, the same reflects that Yee has various federal defenses in this action. Dkt. No. 17-1 at 11-27 (raising, among other things, immunity defenses). Finally, the Complaint clearly reflects that this action relates to acts under the color of Yee's office. Notably, the Complaint alleges, among other things, that the defendants "used their positions and titles" to assess "hundreds and thousands of dollars" in taxes against

Aguinaldo.  Dkt. No. 1-2 at 2-3.  In this light, remand is clearly inappropriate here, and the motion to remand, Dkt. No. 11, is DENIED.[1]

IT IS SO ORDERED.

Dated: March 25, 2024 at Honolulu, Hawaiʻi.

Derrick K. Watson
Chief United States District Judge

---

[1] Although the Court focuses only on Defendant Yee, a now-retired AUSA, there are numerous other federal officer defendants who would likewise and independently meet the test for removal under Section 1442.  These defendants include Senior United States District Judge Seabright and Chief United States Magistrate Judge Mansfield.  *See* Dkt. No. 18 at 10-14 (Govt's opposition brief to which no reply was filed).