IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| IMELDA SEVILLEJA AGUINALDO,<br><br>Plaintiff,<br><br>v.<br><br>HARRY YEE, *et al.*,<br><br>Defendants. | Case No. 24-cv-00020-DKW-WRP<br><br>**ORDER (1) GRANTING DEFENDANTS' MOTION TO DISMISS, (2) DENYING PLAINTIFF'S MOTION TO STRIKE, AND (3) DISMISSING THE COMPLAINT WITHOUT LEAVE TO AMEND** |

In January 2024, Defendant Harry Yee removed this action from State Circuit Court.  In the Complaint, Dkt. No. 1-2, Plaintiff Imelda Sevilleja Aguinaldo, proceeding without counsel, alleges numerous purported violations of her constitutional rights related to federal tax assessments and efforts to foreclose federal tax liens on Aguinaldo's property.  Those claims are brought against various individuals connected with the federal government, including United States judges, Assistant United States Attorneys, and investigators and other employees of the Internal Revenue Service (IRS) (collectively, Defendants).

On February 27, 2024, Defendants Yee, Jeremy Hendon, Isaac Hoenig, Senior U.S. District Judge J. Michael Seabright, U.S. Magistrate Judge Kenneth

Mansfield, Venice Hochman, and Edwin Dean Curry[1] (collectively, Moving Defendants) moved to dismiss the Complaint on various grounds, including sovereign immunity, judicial immunity, and failure to state a claim.  Dkt. No. 17.  On April 4, 2024, Aguinaldo responded by filing a motion to strike the motion to dismiss.  Dkt. No. 25.  Therein, Aguinaldo neither explains why the motion to dismiss should be stricken nor, more importantly, addresses any of the arguments for dismissal of this case.  Instead, much like the Complaint, the motion to strike focuses upon the alleged impropriety of the tax assessments against Aguinaldo.

For the reasons set forth below, the motion to dismiss, Dkt. No. 17, is GRANTED.  First, to the extent Aguinaldo's claims can be construed as brought against Defendants in their official capacities, the claims are treated as brought against the United States, and there is no allegation or basis to find a waiver of the government's sovereign immunity.  Second, to the extent Aguinaldo's claims can be construed as brought against Defendants in their individual capacities as federal officers, they must be brought, if at all, under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).  Here, though, there are no allegations that would permit Aguinaldo to pursue a *Bivens* claim against any Defendant consistent with

---

[1] In the Complaint, Defendant Curry's first and middle names are spelled "Ewdwin Oean".  Dkt. No. 1-2 at 4.  In the motion to dismiss, Defendants clarify the correct spelling is "Edwin Dean," Dkt. No. 17-1 at 1, which the Court uses herein.

2

Supreme Court guidance. Finally, although Aguinaldo is proceeding without counsel, and this is the first opportunity to apprise her of the deficiencies with her claims, given the nature of those claims, amendment would be futile. Therefore, the motion to dismiss is granted WITHOUT LEAVE TO AMEND.

## STANDARDS OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move for dismissal due to a lack of subject matter jurisdiction. When a defendant does so, "the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Kingman Reef Atoll Investments, LLC v. United States*, 541 F.3d 1189, 1197 (9th Cir. 2008) (quotation omitted).[2]

A defendant may also move for dismissal under Federal Rule of Civil Procedure 12(b)(6). To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

---

[2] A Rule 12(b)(1) motion can consist of a facial or factual attack on jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Here, the Moving Defendants appear to raise a facial attack, given that they challenge the sufficiency of the allegations in the Complaint. *See id.* ("In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.").

Because Aguinaldo is proceeding without counsel, "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). A court, however, may deny leave to amend where, *inter alia*, amendment would be futile. *E.g.*, *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009); *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

## **DISCUSSION**[3]

The Moving Defendants seek dismissal of all claims, whether asserted against them in their official or individual capacities.[4] Before addressing those arguments, as mentioned, Aguinaldo is proceeding without counsel. As a result, the Court liberally construes her Complaint. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). Liberal construction, however, does not mean *un*reasonable construction. Here, the only reasonable construction of the Complaint is that

---

[3] To the extent necessary, relevant factual and procedural background is set forth in this Discussion section.

[4] Aguinaldo, meanwhile, moves to strike the motion to dismiss. Dkt. No. 25. She provides no basis or reason to do so, though, and therefore the motion to strike is DENIED. Since Aguinaldo did not file any other document that even remotely resembles a response to Defendants' motion, the Court will construe the motion to strike as Aguinaldo's response or opposition to the motion to dismiss.

Aguinaldo seeks to circumvent and/or collaterally attack the result of a different case in this District.

That case—*United States v. Aguinaldo et al.*, Case No. 20-cv-434-JMS-KJM (Tax Case)—was brought by the United States to enforce federal tax liens against, and foreclose real property in Honolulu (Honolulu Property) held by, Aguinaldo and her husband. Tax Case, Dkt. No. 110. On October 6, 2022 and November 2, 2023, the Tax Case Court granted summary judgment to the United States, such that the government's tax liens were reduced to judgment and a foreclosure sale of the Honolulu Property was authorized. *Id.*, Dkt. Nos. 158, 237. The Tax Case Court further denied Aguinaldo's motion to stay proceedings, instead allowing the sale of the Honolulu Property to proceed. *Id.*, Dkt. No. 237. On November 13, 2023, Aguinaldo filed an interlocutory appeal of the Tax Case, which remains pending before the Ninth Circuit Court of Appeals. *Id.*, Dkt. No. 239.

In this case, the Complaint's sole purpose is to challenge the Tax Case, just as Aguinaldo is doing through her interlocutory appeal. Notably, all of Aguinaldo's claims concern alleged constitutional violations caused by the government's efforts to enforce its tax liens. Dkt. No. 1-2. Further, as relief, Aguinaldo seeks damages related to the enforcement of the government's tax liens and an injunction to prevent the sale of the Honolulu Property.

With that background in mind, the Court now addresses the government's arguments for dismissal.

### 1. Official Capacity Claims

The Moving Defendants contend that, to the extent the Complaint asserts official capacity claims, those claims must be considered to have been brought against the United States. As such, it is Plaintiff's burden to identify a waiver of sovereign immunity by the United States. Dkt. No. 17-1 at 17-18. The Moving Defendants further assert that the United States has not waived its immunity from Aguinaldo's claims, including under the Federal Tort Claims Act (FTCA) or the Internal Revenue Code (IRC). *Id*. at 18-21.

The Court agrees. First, any official capacity claims against the Moving Defendants (as well as the other named Defendants), as alleged officers or employees of the United States, are considered claims against the United States itself. *Balser v. Dep't of Justice, Office of U.S. Trustee*, 327 F.3d 903, 907 (9th Cir. 2003). Second, as a sovereign, the United States is "immune from suit unless it has waived its immunity." *Id*. Third, at no point in her briefing has Aguinaldo even addressed the Moving Defendants' argument concerning the United States' sovereign immunity. In other words, Aguinaldo has failed to identify any waiver of the United States' immunity. In addition, while certainly not their

6

responsibility to do so, the Moving Defendants identify, in light of the Complaint's allegations, two of the most likely statutory provisions where a waiver, if any, might be found: the FTCA and the IRC. As the Moving Defendants explain, however, there is no such waiver under the facts here. *See* Dkt. No. 17-1 at 18-21. As a result, the Court lacks subject matter jurisdiction over any official capacity claims in this case. *Balser*, 327 F.3d at 907; *Nurse v. United States*, 226 F.3d 996, 1000 (9th Cir. 2000). Further, in light of the nature of Aguinaldo's claims discussed above, it would be futile for her to amend the same, as the Court can discern no amendment that would provide the subject matter jurisdiction that is evidently lacking.

### 2.   **Individual Capacity Claims**

Liberally construed, Aguinaldo asserts claims alleging violations of her constitutional rights. Although the Complaint does not cite a source of authority to bring those claims, in *Bivens*, the Supreme Court "recognized for the first time an implied right of action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Hernandez v. Mesa*, 137 S. Ct. 2003, 2006 (2017) (per curiam) (quotation marks and citation omitted). Specifically, *Bivens* allowed a plaintiff to sue individual federal agents for allegedly violating a

Fourth Amendment right to be free from unreasonable searches and seizures. 403 U.S. at 389–90.

The Supreme Court has since severely restricted the *Bivens* doctrine. In fact, the Court has recognized the implied cause of action in other contexts only twice—once in *Davis v. Passman*, 442 U.S. 228 (1979), in which a U.S. Congressman was alleged to have discriminated against a staff member on the basis of her sex, in violation of the Fifth Amendment's Due Process Clause, and once in *Carlson v. Green*, 446 U.S. 14 (1980), in which federal prison officials were alleged to have failed to treat a prisoner's severe asthma, in violation of the Eighth Amendment's Cruel and Unusual Punishment Clause. "These three cases—*Bivens*, *Davis*, and *Carlson*—represent the only instances in which the Court" has placed its stamp of approval on a *Bivens* damages remedy, and the Court has "made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Ziglar v. Abbasi*, 532 U.S. 120, 131, 135 (2017) (quoting *Iqbal*, 556 U.S. at 675).[5]

---

[5] The Supreme Court has refused to extend *Bivens* to any new category of cases since *Carlson*. *See, e.g.*, *Bush v. Lucas*, 462 U.S. 367, 390 (1983) (First Amendment suit against a federal employer); *Chappell v. Wallace*, 462 U.S. 296, 297 (1983) (race-discrimination suit against military officers); *United States v. Stanley*, 483 U.S. 669, 671–72 (1987) (substantive due process suit against military officers); *Schweiker v. Chilicky*, 487 U.S. 412, 414 (1988) (procedural due process suit against Social Security officials); *FDIC v. Meyer*, 510 U.S. 471, 473–74 (1994) (procedural due process suit against a federal agency for wrongful termination); *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 63 (2001) (Eighth Amendment suit against a private

In 2017, in *Ziglar*, the Supreme Court articulated a two-part test for determining whether a *Bivens* remedy is available. *See Hernandez*, 140 S. Ct. 735, 743; *Ioane v. Hodges*, 939 F.3d 945, 951 (9th Cir. 2018). At step one, the deciding court must "first inquire whether the request involves a claim that arises in a new context." *Id.* A case presents a new context if it "is different in a meaningful way from previous *Bivens* cases decided by [the Supreme Court]"— from *Bivens*, *Passman*, and *Carlson*. *See Ziglar*, 532 U.S. at 139. To help courts determine whether a case differs in a meaningful way from one of the *Bivens* trio, *Ziglar* offers the following non-exhaustive list of factors:

> A case might differ in a meaningful way because of the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous *Bivens* cases did not consider.

*Id*. at 139–40. If, after considering these factors, the case does *not* differ in any meaningful way from the *Bivens* trio of cases, the context is not "new," and the claim is cognizable.

---

prison operator); *Wilkie v. Robbins*, 551 U.S. 537, 547–548, 562 (2007) (due process suit against officials from the Bureau of Land Management); *Minneci v. Pollard*, 565 U.S. 118, 120 (2012) (Eighth Amendment suit against prison guards at a private prison); *Ziglar*, 532 U.S. at 134–35 (Fifth Amendment suit against Department of Justice officials).

Where the case *does* present a "new context," the deciding court proceeds to step two and considers (1) whether the plaintiff has any other alternative remedy for his injury and (2) whether there are any "special factors" that might lead the court to believe that Congress, instead of the Judiciary, is better suited to "weigh the costs and benefits" and authorize a right of action for damages. *Id.* at 136, 138, 149. If the answer to either question is "Yes," then *Bivens* cannot be extended to the new context.

Here, the premise of all of Aguinaldo's claims—that in some fashion, various officers or employees of the United States acted improperly in enforcing tax liens and ordering the foreclosure of the Honolulu property—is an entirely different context when compared to *Bivens*, *Passman*, and *Carlson*, none of which involved tax enforcement. Second, as the Moving Defendants explain in the motion to dismiss, Congress has provided taxpayers with alternative remedies to challenge alleged injuries arising from federal tax enforcement. *See* Dkt. No. 17-1 at 16 (citing 26 U.S.C. §§ 7422 (actions for a refund), 7432 (actions for damages from failing to release a lien), 7433 (actions for damages due to unauthorized tax collection)). Therefore, with a very different context and a pre-existing remedial scheme, *Bivens* cannot be extended to the claims here, and they must be dismissed for failure to state a claim. Further, in light of the foregoing inquiry under *Ziglar*

10

and the nature of the allegations in the Complaint, leave to amend would be futile, as there is no amendment that could state a valid *Bivens* claim.[6][7]

## CONCLUSION

For the reasons set forth herein, Aguinaldo's claims against the Moving Defendants, as well as the other named Defendants, all of whom are allegedly federal officers or employees, either lack subject matter jurisdiction or fail to state a claim.  In addition, leave to amend would be futile.  Therefore, the motion to dismiss, Dkt. No. 17, is GRANTED and the motion to strike, Dkt. No. 25, is DENIED.  The Complaint is DISMISSED IN FULL WITHOUT LEAVE TO AMEND.[8]

---

[6]To the extent the Complaint can be construed as relying upon authority other than *Bivens* for the individual capacity claims, Aguinaldo failed to identify any such source--either in the Complaint or in her briefing on the motion to dismiss.

[7]In discussing sovereign immunity and *Bivens* herein, the Court does not mean to suggest that the Moving Defendants do not have multiple other valid defenses to Aguinaldo's claims, such as personal immunity and collateral estoppel.  The Court need not and does not reach those other defenses herein.

[8]The Court notes that, apart from filing a Complaint, Aguinaldo has also filed a "Petition for Judicial Review of Agency Action" under 5 U.S.C. Section 702.  Dkt. No. 9.  Aguinaldo, however, cannot use this action as a vehicle to also petition review of agency action.  Therefore, the Court does not further address or consider the Petition herein.  Finally, on May 6, 2024, Aguinaldo filed a motion for leave to sell real property and place into court the stated claim of debt owed upon the below terms (motion for sale), Dkt. No. 31, which appears to seek the exact same relief that was denied in the Tax Case.  In any event, given the disposition of this case, the motion for sale is DENIED AS MOOT.

The Clerk is instructed to CLOSE this case.

IT IS SO ORDERED.

Dated: May 23, 2024 at Honolulu, Hawaiʻi.

Derrick K. Watson
Chief United States District Judge

---

*Imelda Aguinaldo v. Harry Yee, et al*; Civil No. 24-00020 DKW-WRP;
**ORDER (1) GRANTING DEFENDANTS' MOTION TO DISMISS, (2) DENYING PLAINTIFF'S MOTION TO STRIKE, AND (3) DISMISSING THE COMPLAINT WITHOUT LEAVE TO AMEND**